[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Peggy J. Westfall and defendant Robert M. Westfall were married on August 16, 1971 at New Hartford, Connecticut. Both parties have resided in the State of Connecticut for more than one year prior to the filing of the present action.
The parties have two children, issue of the marriage, Kortney Michele Westfall, born July 21, 1975 and Matthew Robert Westfall, born October 17, 1982. Only Matthew remains a minor for purposes of this proceeding.
After hearing the evidence the court finds that the marriage has broken down irretrievably and enters a decree of dissolution. The cause of the breakdown of the marriage is not in dispute.
The plaintiff is a 40 year old woman with a high school education and presently employed by Adams House Health Care in a clerical position and does not have the training or experience for additional advancement Apart from depression and anxiety directly related to the breakdown of her marriage, she has been in good to excellent health.
The defendant is a 45 year old man with a high school education who has been employed by Pratt Whitney for approximately nine (9) years. The defendant CT Page 10666 testified that he was in excellent health and that he had a continuing relationship with Jean O'Brien and vacated the family residence and moved in with his mother on or about June 24, 1992. On or about August 1992, the defendant moved in with Ms. O'Brien approximately one month prior to the plaintiff commencing the present action for dissolution of marriage. At the time of trial Ms. O'Brien was pregnant with his child. This event will cause the blending of two families both with two children, both traumatized by the adult decisions of a father of two and mother of two. Mr. Westfall acknowledges full responsibility for the breakdown of the marriage in candid letters which are plaintiff's exhibits 6 through 8.
Based on an assessment of the facts, the evidence proffered at trial, and the statutory criteria enunciated in Conn. Gen. Stat. 46b-80 et seq., the court makes the following orders part of the judgment of dissolution:
1. That the defendant transfer all of his right, title and interest in real property located at 89 Pythian Avenue, Torrington, Connecticut to the plaintiff to be hers absolutely and forever subject to the first and second mortgages, only.
2. That the plaintiff have sole custody of the minor child, Matthew. The defendant shall be afforded reasonable, liberal and flexible visitation with the minor child including the following on alternating weekends as follows:
1. Saturdays — 11:30 a.m. to 4:30 p.m.;
 2. Friday — 5:00 p.m. to 9:00 p.m. and Sunday 9:00 a.m. to 3:00 p.m.
The defendant shall be afforded one telephone call per day between 4:30 p.m. and 8:00 p.m.
3. That the defendant pay to the plaintiff the sum of One Hundred Thirty One ($131.00) Dollars per week as child support and an automatic wage execution shall issue immediately. CT Page 10667
4. That the defendant pay to the plaintiff the sum of One Hundred ($100.00) Dollars per week for permanent alimony.
5. That the defendant maintain medical insurance including Blue Cross, CMS, (or its equivalent), major medical and dental for the children and that the defendant continue to pay all reasonable and necessary unreimbursed health care expenses for the children.
6. That the defendant maintain sufficient life insurance in the amount of One Hundred Thousand (100,000.00) Dollars and name the plaintiff and child as irrevocable beneficiaries on his policy until the minor children attain the age of eighteen (18). The defendant shall not encumber or pledge said policy and should he fail to provide said insurance, the plaintiff and the minor child shall have a claim against his estate.
7. That the defendant pay half of the plaintiff's attorney's fees and costs and that same shall be nondischargeable under 523(a)(5) of the bankruptcy code.
8. That the defendant be responsible for the debts listed on plaintiff's Schedule A of her financial affidavit and indemnify and hold the plaintiff harmless from same. In the event the defendant should file a petition in bankruptcy to discharge this obligation or any other obligation and the plaintiff becomes liable, that this would constitute a substantial change in circumstances so that the plaintiff, should she become liable for any of said debts the defendant intends to discharge in bankruptcy, that alimony would be increased to protect the interest of the plaintiff.
9. That the defendant's present value of pension benefits in the amount of $17,536.00 be equally divided between the parties so that same is available to the plaintiff at the time of retirement or when the defendant is eligible for retirement and that this order shall be in compliance with the qualified domestic relations order.
10. That the defendant pay to the plaintiff the current arrearage for temporary child support and CT Page 10668 temporary alimony which the court finds to be Eight Hundred Fifty-Five ($855.00) Dollars as of July 30, 1993, and also reimburse the plaintiff for telephone and Mastercard charges as shown in plaintiff's exhibits 4 and 5.
11. That the defendant shall have the right to claim Matthew as an exemption on his Federal Income Tax Return each year so long as he is current in all support, alimony and debt repayment orders.
Judgment shall enter accordingly
GILL, J.